FILED
2021 Feb-09 PM 04:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **RUBIN LUBLIN, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WENDY T. TURNER, et al.,** )<br>)<br>**Defendants.** )<br>) | Civil Action Number<br>**5:20-cv-01958-AKK** |

## ORDER

This interpleader action is before the court on Rubin Lublin, LLC's Consent Motion to Interplead Funds, Dismiss Plaintiff, and for Award of Fees and Costs. Doc. 8. Rubin Lublin asks for entry of an order directing it to deposit into this Court's registry the $35,066.15 at issue in this action, which represents the excess proceeds from a foreclosure sale of real property. *Id.* at 4; *see also* doc. 1-1 at 5, 8. Rubin Lublin also seeks an order awarding it $3,893.25 from the sum deposited for its costs and attorneys' fees, dismissing it as a party to this action, and affording such further relief as is just and proper. Doc. 8 at 4. Before discussing Rubin Lublin's specific requests, the court begins by addressing whether interpleader is appropriate in this matter and defendant Ally Financial, Inc.'s failure to appear.

## A.

First, "[i]nterpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). "Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." *Ohio Nat'l Life Assur. Corp v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (citing Fed. R. Civ. P. 22(a)(1)).

Here, Rubin Lublin alleges that: (1) it holds $35,066.15 in excess funds from a foreclosure sale of real property formerly owned by Wendy T. Turner and located on Beaconsfield Dr., Meridianville, AL 35759 (the "Property"); (2) Ally recorded a judgment against the Property; (3) the Secretary of Housing and Urban Development ("HUD") holds a subordinate mortgage on the Property. *See* doc. 1-1 at 5-7; *see also* docs. 1 at 2-3; 8 at 2. Based on these allegations, the defendants may have adverse and independent claims to the excess funds, thereby exposing Rubin Lublin to double or multiple liability. Therefore, and because Rubin Lublin admits that it has no interest in the excess funds, *see* doc. 8 at 3, interpleader is proper in this action. *See* Fed. R. Civ. P. 22(a)(1).

## B.

Next, "'[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the [funds at issue] can be viewed as forfeiting any claim of entitlement that might have been asserted.'" *BBVA USA Bancshares, Inc. v. Bandy*, 2020 WL 3104594, at *3 (N.D. Ala. June 11, 2020) (quoting *Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984)). "Moreover, a district court 'has inherent authority in appropriate circumstances to sua sponte enter a default judgment that in an interpleader action serves to terminate the party's interest in the fund[s] at issue.'" *Id.* (quoting *Metro. Life Ins. Co. v. Jackson*, 2013 WL 3974674, at *5 (M.D. Fla. Aug 1, 2013) (alteration in original omitted). Such circumstances include a defendant's continued failure to respond to an interpleader complaint even after the court warns the defendant that a failure to respond will result in a default judgment and termination of the party's interest to the funds. *See id.*; *Occidental Life Ins. Co. of North Carolina v. Ligon*, 2018 WL 9814655, at *1 (N.D. Ga. July 24, 2018).

Although Rubin Lublin served Ally on November 5, 2020, and the summons warned that a failure to respond could result in a judgment by default against Ally, *see* doc. 6-1 at 2, Ally has not answered or otherwise appeared in this action. And, even though Rubin Lublin moved for entry of default against Ally on January 11, 2021, doc. 6, and the Clerk entered default against Ally the next day, *see* doc. 7, Ally

3

has still failed to appear. If Ally does not respond to the complaint on or before February 22, 2021, the court will enter a sua sponte default judgment against Ally, thereby terminating Ally's interests in the excess funds from the foreclosure sale of the Property.

## C.

Turning now to Rubin Lublin's motion and request for attorneys' fees, Ms. Turner and HUD consent to the motion, including the request for attorney's fees. *See* doc. 8 at 1, 4. As discussed above, the remaining defendant, Ally, has not appeared and is in default. *See* docs. 6; 7. Having reviewed Rubin Lublin's requested fees and costs, *see* doc. 8-1, the court finds that they are reasonable and necessary for the prosecution of this matter. Accordingly, because interpleader relief is proper in this action and for good cause shown, Rubin Lublin's motion, doc. 8, is **GRANTED**, and the court **ORDERS** as follows:

1. Within fourteen (14) days of Rubin Lublin's receipt of this Order, it shall deposit with the Clerk of this Court the $35,066.15, representing the excess foreclosure proceeds, together with applicable claim interest, if any.

2. The $35,066.15 shall be deposited by the Clerk into the Registry of this Court as soon as the business of this office allows, and the Clerk shall deposit these funds into the interest-bearing Disputed Ownership Fund ("DOF") established within the Court Registry Investment System (C.R.I.S.) administered

by the Administrative Office of the United States Courts as Custodian, pursuant to this court's March 23, 2017 General Order regarding Deposit and Investment of Registry Funds.

3. The excess foreclosure proceeds so invested in the interest-bearing C.R.I.S. fund shall remain on deposit until further order of this court disbursing the funds.

4. The Clerk or Director of the Administrative Office of U.S. Courts, as custodian, shall deduct a fee for handling of the funds, as authorized by the Judicial Conference of the United States and by this court's March 23, 2017 Standing Order.

5. Rubin Lublin is entitled to $3,893.25 for its costs and attorneys' fees related to this action, which shall be paid from the excess foreclosure proceeds upon disbursement of those funds.

6. Rubin Lublin shall serve a copy of this Order on Ally Financial, Inc.

7. Ally has until **February 22, 2021** to appear and respond to the complaint.  Otherwise, after that date, the court will enter default judgment against Ally and issue an order disbursing the excess foreclosure proceeds in accordance with Rubin Lublin, Turner, and HUD's Stipulation and Agreement for the Distribution of Interpleader Funds, doc. 9.

8. Rubin Lublin is **DISMISSED** from this action **WITH PREJUDICE**.

**DONE** the 9th day of February, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE